## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.  **Crim. No. 25-413 (CVR)**

**NELFRY HERNANDEZ-VALDEZ,**
Defendant.

### FORMAL OBJECTIONS TO THE PRESENTENCE REPORT

**TO THE HONORABLE COURT:**

Nelfry Hernandez-Valez (hereinafter "Mr. Hernandez"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, respectfully informs the Court of the following objections to the Amended Presentence Investigation Report ("PSR") filed at Dkt. # 23.

### I.   Introduction

The United States Probation Office incorrectly assigned a six-point enhancement pursuant to United States Sentencing Guideline §2L1.2(b)(2)(C) and three criminal history points to Mr. Hernandez under §4A1.1(a) based on a Puerto Rico court's revocation of his suspended sentence.[1] This assignment is legally erroneous for two fundamental reasons: first, the revocation resulted from Mr. Hernandez's involuntary deportation by federal authorities, not voluntary noncompliance with probation conditions; and second, Puerto Rico and the

---

[1] *See* PSR ¶ 31.

federal government constitute a single sovereign, making the federal government responsible for both the deportation that caused the probation violation and the subsequent revocation.

## II.     Pertinent facts[2]

On February 13, 2024, Mr. Hernandez was sentenced to a suspended sentence of 13 months and 15 days imprisonment.

On March 7, 2024, Mr. Hernandez attended his scheduled visit to the Puerto Rico Department of Corrections Probation Office in Carolina, Puerto Rico. There he was met by Immigration & Customs Enforcement (ICE) San Juan Deportation Officers who apprehended him and started his deportation process.

On May 7, 2024, Mr. Hernandez was officially and physically removed from the United States to the Dominican Republic from the Port of Miami, Florida.

On January 15, 2025, Puerto Rico Court in Carolina revoked Mr. Hernandez's probation for failure to appear and reinstated the sentence of 13 months and 15 days imprisonment. The Puerto Rico Court recognized that it was the Puerto Rico Department of Corrections who tendered Mr. Hernandez to ICE.[3] Based on this reinstated sentence, the PSR adds a six-point enhancement pursuant to §2L1.2(b)(2)(C) instead of four-points pursuant to §2L1.2(b)(2)(D); and 3 criminal history points under §4A1.1(a) instead of 1 criminal history point pursuant to §4A1.1(c).

---

[2] *See* PSR ¶¶ 10 & 31, and Puerto Rico Court Minutes and Judgment filed as Exhibit 1. A certified English translation of Exhibit 1 has been procured and not received. It will be promptly filed with the Court as soon as received in compliance with Local Rule 5(c).
[3] *Id.*

### III. Legal basis and argument for the objection

Federal courts have consistently held that deportation by immigration authorities constitutes involuntary conduct. For example, in the context of bail, the risk of removal by ICE is not considered evidence of serious risk of flight because deportation is not a voluntary action. *See United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017); *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015); *United States v. Marinez-Patino*, 2011 WL 902466, at *4 (N.D. Ill. Mar. 14, 2011); *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1135 (N.D. Iowa 2018); and *United States v. Figueroa-Alvarez*, 2023 WL 4315592, at *6 (D. Idaho July 3, 2023).

In the case of Mr. Hernandez, his failure to appear at his probation meeting was not a voluntary act of defiance but rather the direct and inevitable result of his deportation by federal immigration authorities. Mr. Hernandez could not physically comply with the requirements of his probation because federal authorities, in conjunction, coordination, and agreement with Puerto Rico authorities, had removed him from the jurisdiction. This involuntary noncompliance should not serve as the basis for enhancement of his criminal history.

Furthermore, making a distinction in Mr. Hernandez's case between federal and Puerto Rico authorities is a red herring. In *Puerto Rico v. Sánchez Valle*, 579 U.S. 59, 60, 136 S. Ct. 1863, 1865 (2016), the United States Supreme Court held that Puerto Rico and the United States constitute one sovereign for double jeopardy purposes, thereby barring successive

prosecutions for the same offense in Commonwealth and federal courts. Thus, under *Sanchez-Valle*, the federal government and Puerto Rico operate as a single sovereign.

In this case, federal immigration authorities deported Mr. Hernandez, making it impossible for him to comply with his Puerto Rico probation conditions. The same sovereign entity that imposed conditions of probation caused noncompliance of these conditions through deportation. This creates an inherent unfairness where a single sovereign benefits from its own actions that prevented compliance.

## IV.   Conclusion

The enhancement of six-points under U.S.S.G. § 2L1.2(b)(2)(C) and the assignment of three criminal history points under U.S.S.G. § 4A1.1(a) are legally erroneous and should be corrected. Mr. Hernandez's probation violation resulted from involuntary deportation, not voluntary noncompliance. The established federal precedent in the context of bail determination should be similarly applied in this case. Thus, the Court should prohibit the six-point enhancement and the enhancement of criminal history based on Mr. Hernandez's involuntary conduct.

Furthermore, under *Sanchez-Valle*, the federal government and Puerto Rico constitute one sovereign, making the federal government responsible for both causing the violation through deportation and imposing the revocation.

As a result, the Court should order the Probation Office to recalculate Mr. Hernandez's criminal history score based on the original suspended sentence which would result in a four-point enhancement pursuant to U.S.S.G. § 2L1.2(b)(2)(D) and one criminal history point

pursuant to U.S.S.G. § 4A1.1(c), a criminal history category (CHC) of I, and a guideline imprisonment range of 6 to 12 months of imprisonment.

**WHEREFORE,** Mr. Hernandez respectfully requests that the Court take notice of these objections to the PSR.

**CERTIFICATE OF SERVICE:** I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on February 23, 2026.

**RACHEL BRILL**
**Federal Public Defender**
**District of Puerto Rico**

**/s/ Victor M. Chico Luna**
Victor M. Chico-Luna, Esq.
USDC-PR # 228013
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2441
T: 787-281-4922 / F: 787-281-4899
Email: victor_chico@fd.org